IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARLEY MARINE FINANCING LLC, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| INEOS US CHEMICALS COMPANY, § | Admiralty Rule 9(h) | |
| § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Harley Marine Financing LLC, a subsidiary of Centerline Logistics Corporation, (referred to herein as "Harley" or "Centerline" respectively), by its attorneys, complaining of the Defendant, INEOS US Chemicals Company ("INEOS"), alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C.A. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract.

2. The parties agreed in paragraph 23 of Harley's Terms and Conditions to the Time Charter Party between them dated March 14, 2023 to submit "to the exclusive personal and subject matter jurisdiction of the United States District Court for the Southern District of Texas located in Houston, Texas with respect to any litigation arising out of this agreement."

## THE PARTIES

3. Harley, a United States limited liability company, was and is at all material times the owner of the tug EMERY ZIDELL (O.N.: 1255670) (the "Tug") and barge FIGHT ALS (O.N.:

1

1255404) (the "Barge") which it chartered together to the Defendants pursuant to a Time Charter Party dated March 23, 2023 (the "Time Charter").

4. At all material times, INEOS was and is a company organized and existing under the laws of the United States, with its principal place of business at 150 W. Warrenville Road, Naperville, Illinois 60563.

## THE FACTS

5. In early January 2023, Harley and INEOS commenced negotiations for a 24-month firm period time charter party of the Tug and Barge, with INEOS' option for two additional six months periods.

6. The time charter negotiations were based upon Harley's time charter form through a third-party broker, Braemar Shipbrokering ("Braemar").

7. On March 14, 2023, Braemar sent the parties a Time Charter Recap that both Harley and INEOS agreed to, accepted and signed on March 14, 2023. A copy of the Time Charter Recap is annexed hereto as Ex. 1.

8. The Time Charter Recap incorporated "mutually agreed Harley Marine Financing Standing Time Charter (Petroleum Products) Terms and Conditions (attached) - excluding Covid clause to be mutually agreed" (the "TC Terms")

9. All material terms were agreed to in the Time Charter Recap and the Time Charter was thereby fixed on March 14, 2023.

10. During April/May 2023, INEOS sent to Harley (via Braemar) certain proposed amendments to the TC Terms; however, no amendments were ever agreed between the parties.

11. In accordance with the terms of the Time Charter Recap, the Barge required shipyard work to accommodate INEOS' intended paraxylene cargo.

12. Harley sent the Barge to [Bollinger Shipyard] drydock on June 12, 2023 to perform the necessary alterations to the Barge in accordance with the Time Charter contract. Cleaning for shipyard commenced on June 6, 2023.

13. On May 25, 2023, INEOS informed Harley that it sought to withdraw from the Time Charter. That same day, Harley sent an email to INEOS informing them that the attempt to withdraw from the Time Charter was unacceptable and that Harley expected INEOS to take delivery and abide by the contract terms.

14. Harley expended time and money preparing the vessel for the Time Charter with INEOS, including substantial communications with the classification society, vetting terminals, and engineering in connection to provisioning the vessel with equipment specific to the anticipated trade. Furthermore, Harley removed the vessel from the market, foregoing opportunities with alternative customers in reliance on the Time Charter.

15. On June 1, 2023, Harley submitted Invoice No. 19921 to INEOS for the agreed upon amount due of $750,000 in accordance with the payment terms of the Time Charter, covering the shipyard period for the associated retrofit work and tank cleaning required for the Time Charter.

16. On June 2, 2023, Harley received an email from Mr. Bob Carpenter, counsel for INEOS, "confirming" that INEOS was "withdrawing from and terminating its negotiations for the potential charter of the Flight ALS and the tug Emery Zidell."

17. On June 2, 2023, Mr. Matt Godden, President and CEO of Centerline, emailed Mr. Chad Kidwell of INEOS, informing him that the correspondence from Mr. Carpenter had been received and requesting that Mr. Kidwell rescind the letter and commit to INEOS' obligation under the Time Charter.

18. On June 5, 2023, Mr. Kidwell emailed Mr. Godden to inform him that INEOS was no longer interested in chartering the vessel and advising Centerline to market the vessel to others.

19. In breach of its obligations under the Time Charter, INEOS has failed to pay the shipyard invoice and charter hire which is presently due and owing.

20. Since INEOS' wrongful termination of the Time Charter, Harley has made all reasonable efforts to mitigate its damages.

21. The principal amount due and owing from INEOS to Harley for breach of the Time Charter, as best as can currently be determined, is $15,354,741.50, less any reasonable mitigation, all to be at the time of trial.

22. Pursuant to the parties' agreements, Harley is also entitled to recover its interest and costs in an amount to be determined.

23. Despite repeated demands, the Defendant has refused to pay.

## **Count I. Breach of Maritime Contract**

24. Harley incorporates the above paragraphs as if fully set forth here.

25. The Time Charter was a valid and fully binding maritime contract.

26. There was no valid basis for INEOS' termination of the Time Charter. Defendant, INEOS, has therefore breached the Time Charter.

27. Plaintiff has suffered and continues to suffer money damages, to be fully determined at a future date, as a result of defendant INEOS' breach of contract.

WHEREFORE, Plaintiff respectfully requests that this court (i) award Plaintiff money damages for Defendant's breach; (ii) award Plaintiff its costs and disbursements of this action; and (iii) grant such other further relief as may be just and proper.

Dated: September 18, 2023
       Houston, Texas

Respectfully submitted,

*/s/ Douglas J. Shoemaker*

Douglas J. Shoemaker
BLANK ROME LLP
State Bar No. 00788406
Federal I.D. No. 16854
Zachary R. Cain
State Bar No. 24078297
Federal I.D. No. 1829905
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 402-7650 Telephone
(713) 228-6605 Facsimile
Email: dshoemaker@blankrome.com
Email: zcain@blankrome.com

Thomas Belknap
BLANK ROME LLP
New York Bar No. 2836427
Federal I.D. No. TB3188
*Pro Hac Vice Pending*
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000 Telephone
(212) 885-5001 Facsimile
Email: Thomas.belknap@blankrome.com

***Attorneys-in-charge for Plaintiff,***
***Harley Marine Financing, LLC***

168317.06501/132597851v.2